MOLLIE M. BURKS  (SBN: 222112)
SAT SANG S. KHALSA  (SBN: 256130)
GORDON REES SCULLY MANSUKHANI, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (510) 463-8668
Facsimile: (415) 986-8054
mburks@grsm.com
skhalsa@grsm.com

Attorneys for Defendants
LINN STAR TRANSFER, INC. and
KEVIN ABBEY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTURO AGUILAR, an individual, on behalf of himself and other similarly situated and on behalf of the State of California,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>LINN STAR TRANSFER, INC., an Iowa Corporation; KEVIN ABBEY, an individual; and DOES 1 through 50, inclusive,<br><br>　　　　　　Defendants. | CASE NO.<br><br>**DEFENDANTS LINN STAR TRANSFER, INC. AND KEVIN ABBEY'S NOTICE OF REMOVAL**<br><br>[28 U.S.C. §§ 1331, 1441, 1446] |

**TO THE JUDGES AND CLERKS OF THE FEDERAL DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, PLEASE TAKE NOTICE** that Defendants Linn Star Transfer, Inc. ("Defendant"), contemporaneously with the filing of this Notice of Removal, hereby effects removal of the below referenced action from the Superior Court in the State of California for the County of Alameda to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, based on diversity of citizenship based on diversity of citizenship.  In support of this removal, Defendant states as follows:

**I.　THE REMOVED CASE**

　　1.　　The removed case is a civil action commenced in the Superior Court of

California, County of Alameda, entitled *Arturo Aguilar on behalf of himself and others similarly situated v. Linn Star Transfer, Inc., et al.*, Case No. RG19004033 (the "State Action"). A true and correct copy of the Summons and Complaint, are attached hereto as Exhibit A pursuant to 28 U.S.C. § 1446(a), and are incorporated by reference in this Notice of Removal without necessarily admitting any of them.

2. Plaintiff filed the State Action on January 25, 2019, asserting causes of action for failure to pay minimum wage, overtime, missed meal and rest periods business expenses, accurate wage statements, waiting time penalties, unfair or unlawful business practices, and penalties under the California Labor Code.

3. On February 28, 2019, Defendants filed their Answer, asserting a general denial as well as appropriate affirmative defenses. A true and correct copy of the Answer is attached hereto as Exhibit B.

## II.   PROCEDURAL REQUIREMENTS

4. Defendant has thirty (30) days from the date of service or receipt of a copy of the Complaint to remove a case. *Id.* § 1446(b).

5. Defendant was served with the Complaint in the State Action on January 31, 2019. This Notice of Removal is therefore timely filed.

6. Pursuant to 28 U.S.C. § 1446(a), venue is proper in the Northern District of California because this district embraces the place in which the removed action has been pending.

7. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the Superior Court of California, County of Alameda, promptly after filing of same in this Court.

8. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of same in this Court.

9. If any question arises as to the propriety of the removal of this action, Defendant requests the opportunity to conduct discovery, brief any disputed issues and to present oral argument in favor of its position that this case is properly removable.

10. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Defendant's right to assert defenses including, without limitation, the defenses of (i) lack of jurisdiction over person, (ii) improper venue and/or *forum non conveniens*, (iii) insufficiency of process, (iv) insufficiency of service of process, (v) improper joinder of claims and/or parties, (vi) failure to state a claim, (vii) failure to join indispensable party(ies), or (viii) any other procedural or substantive defense available under state or federal law.

### III.  THE AMOUNT IN CONTROVERSY REQUIREMENT IS MET

11. The amount in controversy in this action exceeds $75,000, exclusive of interest and costs. *See id.* § 1332.

12. The removing party's initial burden is to "file a notice of removal that includes 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) (quoting *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014)). "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a)" which requires only that the grounds for removal be stated in a "short and plain statement." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 553 (2014).

13. Generally, a federal district court will first "consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Abrego v. Dow Chem. Colo.*, 443 F.3d 676, 690 (9th Cir. 2006) (internal citation omitted). But a defendant may remove a suit to federal court notwithstanding the failure of the plaintiff to plead the required amount. Absent the facial showing from the complaint, the court may consider facts averred in the removal petition. *Id.* Next, if the defendant's allegation(s) regarding the amount in controversy is challenged, then "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Ibarra*, 775 F.3d at 1195. At that time, "it may be appropriate to allow discovery relevant to [the] jurisdictional amount prior to remanding." *Abrego*, 443 F.3d at 691 (internal citation omitted).

14. Defendant disputes that it is liable for any damages whatsoever to Plaintiff.

1  Nevertheless, Defendant can demonstrate that the amount in controversy exceeds $75,000 under
2  the "preponderance of the evidence" standard.  *See Guglielmino v. McKee Foods Corp.*, 506
3  F.3d 696, 699 (9th Cir. 2007).  The standard requires only that the removing party present
4  evidence that "it is more likely than not" that the amount in controversy is satisfied.  *Id.*

5       15.    In the case at bar, the Plaintiffs seek both monetary and injunctive relief.  This is a
6  putative wage and hour class action case arising under the California Labor Code.  Plaintiff
7  alleges that he is entitled to relief for unpaid wages, as well as business expenses and civil
8  penalties, including attorney's fees.  (Complaint p. 24, 25, ¶¶ 1 – 6, 8.)

9       16.    The amount in controversy calculation includes reasonable estimates of attorney's
10  fees.  *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1011 (N.D. Cal. 2002);
11  *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007); *Galt G/S v. JSS
12  Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998).

13       17.    The California Labor Code, including several of the claims at issue here, unpaid
14  wages, unpaid overtime, business expenses, and civil penalties provide for a the recovery of
15  attorney's fees, which regularly exceed $100,000.  (Declaration of Mollie M. Burks, ¶¶ 4, 5, filed
16  concurrently herewith).

17       18.    If Plaintiff were to prevail on his claims, even in an individual capacity, they
18  could be awarded damages as well as statutory attorney's fees.  As such, it is more likely than
19  not that the amount in controversy exceeds $75,000.  (Burks Decl., ¶¶ 4, 5.)

20       19.    Thus, the total amount in controversy therefore exceeds $75,000.00.  The amount
21  in controversy is satisfied. (Burks Decl., ¶¶ 4-5.)

## IV.   DIVERSITY OF CITIZENSHIP EXISTS

23       20.    Plaintiffs is, and was at the time of filing of the Complaint, both a citizen and
24  resident of California.  (Complaint ¶ 7.)

25       21.    Defendant Linn Star Transit, Inc., is, and was at the time Plaintiff commenced this
26  action, a corporation organized under the laws of Iowa. with its principal place of business is in
27  Cedar Rapid, Iowa.  (Complaint ¶ 8; Burks Decl., ¶ 6.)  Thus, Defendant Linn Star Transit, Inc.,
28  was, and still is, a citizen of the States of Iowa.  *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

shall he deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business....").

22. Although defendant Kevin Abbey is a non-diverse defendant, his citizenship is inconsequential under the doctrine of fraudulent joinder because there is no possibility the plaintiff can establish liability against this individual, who was an employee of Linn Star Transit, Inc., at all times relevant to the Complaint. Removal of a civil action alleging claims against a non-diverse defendant is proper when plaintiff has no basis for suing that defendant. (*Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).) A non-diverse defendant is fraudulently joined if under settled state law, plaintiff has failed to demonstrate a claim for relief against that defendant. *Id.; McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

23. An evaluation of whether a defendant was fraudulently joined requires an analysis of the legal theory being asserted against the non-diverse defendant. (*Davis v. Prentiss Properties Limited, Inc*., 66 F.Supp.2d 112 (C.D.Cal. 1999).) Fraudulent joinder may be shown by proving there is no possibility the plaintiff has a right to relief against the non-diverse defendant in state court. (*Kruso v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1416 (9th Cir. 1989).)

24. In determining whether a defendant's joinder is "fraudulent," courts consider the allegations of the complaint and facts presented by defendant in its notice of removal. (*Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998).) The district court may also consider affidavits or other evidence on the issue of whether a particular defendant's joinder is fraudulent. (*W. Am. Corp. v. Vaughan-Bassett Furniture Co.*, 765 F.2d 932, 936 n.6 (9th Cir. 1985).)

25. Here, the only cause of action alleged against defendant Kevin Abbey arises under Plaintiff's Ninth Cause of Action for Civil Penalties pursuant to California's Private Attorney General Act ("PAGA") pursuant to California Labor Code sections 2698 *et seq.* (Complaint ¶¶ 104, 105.) As a matter of law, Plaintiff's claim for civil penalties as to Kevin Abbey fails, as Plaintiff's claim is conditionally plead, and for the failure to exhaust required administrative pre-requisites.

26. Plaintiff alleges that on or about January 10, 2019, through counsel, he gave notice of the intent to file a PAGA claim by way of a correspondence to Defendants, including

1  Mr. Abbey, as well as by submitting Notice to the California Labor and Workforce Development
2  Agency ("LWDA").  (Complaint ¶¶ 106, 107.)

3  27.  Notably, the Complaint discloses that "if" the LWDA declines to investigate,"
4  then "Plaintiff will prosecute this PAGA cause of action … ."  (Complaint ¶ 108.)  As such, the
5  Ninth Cause of Action remains speculative, insofar as it is conditionally plead.

6  28.  The explanation for this artful pleading is the 60-day waiting period afforded to
7  the LWDA to investigate a PAGA Notice renders Plaintiff's Ninth Cause of Action void and null
8  until the waiting period has passed.  (Cal. Lab. Code § 2699.3(a)(2)(A) (Deering).

9  29.  Thus, the soonest Plaintiff could perfect a claim under PAGA as to Defendant
10  Kevin Abbey would be March 11, 2019.

11  30.  Because, as matter of law, defendant Romero cannot be held personally liable for
12  the alleged actions, she has been fraudulently joined in this action.

13  31.  The Complaint names as Defendants "Does 1 through 50."  Defendant Linn Star
14  Transfer, Inc., is informed and believes, and on that basis alleges, that none of the fictitiously
15  named Defendants have been served with a copy of the Complaint.  Thus, these fictionally
16  named Defendants are not parties to this action.  Additionally, for purposes of removal, "the
17  citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(a).

18  **V.  CONCLUSION**

19  32.  Consequently, the State Action may be removed to this Court by Defendant Linn
20  Star Transfer, Inc., in accordance with the provisions of 28 U.S.C. § 1441 because: (i) this action
21  is a civil action pending within the jurisdiction of the United States District Court for the
22  Northern District of California, (ii) the action is between citizens of different states, and (iii) the
23  amount in controversy exceeds $75,000.00, exclusive of interest and costs.

24  33.  Contemporaneously with the filing of this Notice of Removal in the United States
25  District Court for the Northern District of California, and pursuant to 28 U.S.C. § 1446(d),
26  written notice of such filing will be given by the undersigned to Plaintiff's counsel of record,
27  ///
28  ///

-6-
DEFENDANTS' NOTICE OF REMOVAL

1  John P. Boggs, Roman Zhuk, Fine, Boggs & Perkins LLP, and a copy of the Notice of Removal
2  will be filed with the Clerk of the Court for the Superior Court of the County of Alameda,
3  California.

Dated: March 1, 2019                                      GORDON REES SCULLY
                                                          MANSUKHANI, LLP


                                                    By:   /s/ Mollie M. Burks
                                                          Mollie M. Burks
                                                          Sat Sang S. Khalsa
                                                          Attorneys for Defendants
                                                          LINN STAR TRANSFER, INC.
                                                          AND KEVIN ABBEY

# CERTIFICATE OF SERVICE
*ARTURO AGUILAR V. LINN STAR TRANSFER, INC., ET AL.*
UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is: Gordon & Rees Scully Mansukhani, 1111 Broadway, Suite 1700, Oakland, CA 94607. On the date set forth below, I served the within documents:

On March 1, 2019, I served the within document(s):

**1) CIVIL COVER SHEET**

**2) DEFENDANTS LINN STAR TRANSFER, INC. AND KEVIN ABBEY'S NOTICE OF REMOVAL;**

**3) DECLARATION OF MOLLIE M. BURKS IN SUPPORT OF LINN STAR TRANSFER, INC.'s NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § § 1332, 1441, 1446**

☒ by electronically serving the document(s) described above via United States District Court Electronic Case Filing website (CM/ECF notification system) on the recipients designated on the electronic service list that is located on the Pacer website.

☒ **By U.S. Mail:** By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California at Oakland, addressed as set forth below.

**Attorneys for Plaintiff:**

John P. Boggs
Roman Zhuk
Fine, Boggs & Perkins LLP
80 Stone Pine Road, Suite 210
Half Moon Bay, CA  94019
Telephone:  650-712-8908
Facsimile:  650-712-1712
rzhuk@employerlawyers.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California the above is true and correct. Executed on March 1, 2019, at Oakland, California.

*/s/ Eileen Spiers*
_____
Eileen Spiers

*Gordon Rees Scully Mansukhani, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA 94111*

1175784/43618355v.1