1 John P. Boggs – Bar No. 172578
Roman Zhuk– Bar No. 296306
2 FINE, BOGGS & PERKINS LLP
80 Stone Pine Road, Suite 210
3 Half Moon Bay, California 94019
(650) 712-8908 Tel
4 (650) 712-1712 Fax
rzhuk@employerlawyers.com

5 Attorneys for Plaintiff
ARTURO AGUILAR, an individual,
6 on behalf of himself and others similarly
situated and on behalf of the State of California
7

ENDORSED
FILED
ALAMEDA COUNTY

JAN 2 5 2019

SUE PESKO

8

9 SUPERIOR COURT OF CALIFORNIA

COUNTY OF ALAMEDA – UNLIMITED JURISDICTION
10

11 ARTURO AGUILAR, an individual, on behalf
of himself and others similarly situated and on
12 behalf of the State of California

13            Plaintiff,

14       v.

15 LINN STAR TRANSFER, INC., an Iowa
Corporation; KEVIN ABBEY, an individual;
16 and DOES 1 through 50, inclusive,

17            Defendants.

Case No.: RG19004033

**CLASS ACTION COMPLAINT FOR:**
1. FAILURE TO PAY MINIMUM WAGE (CAL. LAB. CODE SEC. 1194, 1194.2 & 1197)
2. FAILURE TO PAY OVERTIME (CAL. LAB. CODE SEC. 510, 558 & 1194)
3. FAILURE TO PAY WAGES FOR MISSED MEAL PERIODS (CAL. LAB. CODE SEC. 226.7)
4. FAILURE TO PAY WAGES FOR MISSED REST PERIODS (CAL. LAB. CODE SEC. 226.7)
5. FAILURE TO REIMBURSE BUSINESS EXPENSES (CAL. LAB. CODE SEC. 2802)
6. FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS (CAL. LAB. CODE SEC. 226)
7. WAITING TIME PENALTIES (CAL. LAB. CODE SEC. 201, 202 & 203)
8. UNFAIR COMPETITION (CAL. BUS. & PROF. CODE SEC. 17200 ET SEQ.)
9. CIVIL PENALTIES UNDER PRIVATE ATTORNEY GENERAL ACT (CAL. LAB. CODE SEC. 2698 ET SEQ)

**AND DEMAND FOR JURY TRIAL**

18
19
20
21
22
23
24
25
26
27
28

BY FAX

1
CLASS ACTION COMPLAINT

## NATURE OF ACTION

1. This case involves Defendant-employers' deliberate scheme to misclassify their delivery drivers as independent contractors, thereby denying them the fundamental protections due to employees under California law. This class action seeks to enjoin the Defendants' unlawful conduct, to obtain restitution of unpaid wages and unlawful deductions made from delivery drivers' pay, and to prosecute a private enforcement action to collect civil penalties under the Labor Code Private Attorney General Act ("PAGA"), against Defendants LINN STAR TRANSFER, INC., KEVIN ABBEY, and DOES 1 through 100, inclusive (hereafter, collectively referred to as "Defendants"), under the California Labor Code, the California Industrial Welfare Commission's ("IWC") Wage Orders, the California Business and Professions Code (§§ 17200 *et seq.*), and other statutes and regulations applicable to non-exempt employees in the State of California.

2. This combined class and PAGA enforcement action is brought against Defendants—who run a large delivery operation out of Benicia, California—for engaging in a pattern and practice of willfully misclassifying their delivery truck drivers, including Plaintiff Arturo Aguilar (hereafter, referred to as "Plaintiff"), as independent contractors instead of affording them their true status as employees, thus denying these workers the basic wage-and-hour rights and protections guaranteed to employees by the California Labor Code and the IWC's applicable Wage Order.

3. The result of Defendants' misclassification scheme is that Plaintiff and other similarly-situated delivery truck drivers were, and are, routinely denied payment of all earned wages, including: (i) the compensation earned but left unpaid for non-driving work, pursuant to California law's requirement that employees be paid at least the minimum wage for each hour worked; (ii) the premium wages earned for each day an employee is deprived an uninterrupted, duty-free meal period mandated by California law; (iii) the premium wages earned for each day an employee is deprived an uninterrupted, duty-free rest period mandated by California law; (iv) improper deductions made from drivers' pay for Defendants' own business operational expenses; (v) overtime wages; and (vi) unreimbursed or uncompensated business expenses incurred by drivers. Instead, Defendants have taken such wages owed to Plaintiff and other

similarly-situated truck drivers and unlawfully converted the funds for Defendants' own use and benefit, in order to maximize profits and gain an unfair business advantage over their competitors at the expense of Defendants' own employees. By their unlawful misclassification scheme, Defendants also evaded their obligation to provide Workers' Compensation protection to these employees in an industry where work-related injuries and illnesses are far from uncommon.

4. Defendants' acts and omissions, as described herein, violate provisions of the California Labor Code, including sections 201, 202, 204, 226, 226.7, 226.8, 432.5, 512, 1197 and 2802; violate the applicable Wage Orders issued by the California Industrial Welfare Commission, including Wage Order 9-2001; and amount to unfair and unlawful business practices prohibited by the California Business and Professions Code, sections 17200 *et seq.*

5. Plaintiff now brings this class action, on behalf of himself and a class of similarly-situated former and current delivery truck drivers who drive trucks they lease or own but over whom Defendants nonetheless retain and exercise a level of control such that they are properly deemed employees under California law (hereafter collectively referred to as "Drivers"), to recover the unpaid wages owed to Drivers by Defendants, to recover the expenses unlawfully deducted from Drivers' pay by Defendants, and to collect all applicable statutory penalties for Defendants' myriad violations of the California Labor Code, including recordkeeping penalties under Labor Code section 226 and waiting-time penalties under Labor Code section 203.

6. Also, pursuant to the California Labor Code Private Attorney General Act of 2004 (*Cal. Lab. Code §§ 2698 et seq.*), Plaintiff seeks to assess and collect—on behalf of the California Labor and Workforce Development Agency and each aggrieved Driver—the applicable civil penalties for Defendants' Labor Code violations committed against Plaintiff, and other former and current Drivers, who were willfully misclassified by Defendants as independent contractors.

## THE PARTIES

7. Plaintiff Arturo Aguilar is a resident of Contra Costa County, California, and has been a Driver for Defendants from 2016 through 2018. Throughout that time, Plaintiff has been assigned to, and works out of, Defendants' facility in Benicia, California. Plaintiff had performed extensive

delivery operations in Alameda County, and therefore venue is proper in this County.

8. Defendant Linn Star Transfer, Inc. ("Linn Star") is an Iowa Corporation that maintains California offices and operations in Benicia, California. Linn Star has provided customers with delivery and installation services since at least 2013. As alleged herein, Defendant Linn Star has directly hired the services of Drivers, including Plaintiff, who, at all relevant times herein, have resided and worked in the State of California.

9. Defendant Kevin Abbey (hereafter, "Abbey") is a resident of the State of California, and has been the Terminal Manager for Defendant Linn Star during the relevant period. Plaintiff is informed and believes, and thereby alleges, that Defendant Abbey, as the highest-ranking officer of Linn Star in the State of California, has headed Linn Star' trucking operations in the State of California during the relevant period. Plaintiff further alleges on information and belief that Defendant Abbey is directly and personally responsible for the wage-and-hour policies and practices at issue in this case, in that he created, formulated, directed, implemented, knowingly ratified and/or consented to these unlawful policies and practices.

10. Plaintiff is currently unaware of the true names and capacities of the defendants sued in this action by the fictitious names DOES 1 through 100, inclusive, and therefore sue those defendants by fictitious names. Plaintiff shall seek leave to amend this Complaint to allege the true names and capacities of such fictitiously-named defendants when they are ascertained.

11. Plaintiff is informed and believes, and based thereon alleges, that each defendant sued in this action acts and acted, in all respects pertinent to this action, as the agent of the other defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and that the acts of each defendant are legally attributable to the other defendants.

12. Plaintiff is informed and believes, and based thereon alleges, that each defendant sued in this action, including each defendant sued by the fictitious names DOES 1 through 100, inclusive, is directly or indirectly responsible in some manner for the occurrences, controversies and damages alleged herein, in various capacities, including but not limited to serving as joint employer, joint tortfeasor, single enterprise, *alter ego*, or agents of the other defendants. Each defendant approved, participated in, controlled, or ratified the acts of all other defendants.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

13. Linn Star Transfer operates out of Benicia in Solano County where it has a warehouse staffed by non-exempt employees and managed by a terminal manager, currently Kevin Abbey. Employees misclassified as independent contractors, driving their own vehicles (usually expensive box trucks), come to pick up appliances and other items for deliveries to residences and businesses from Linn Star's Benicia location. They drive the items out to their destinations and then move them into the end-consumers' locations. Linn Star contracts with various retailers (including Home Depot, Costco, JC Penney, and GE) to have items delivered by its putative "independent contractors."

14. In order to run its transportation business, Linn Star hires Drivers—i.e., individuals who drive trucks they themselves lease or own—to move cargo on its behalf on a regular basis. The cargo they transport belongs to Linn Star' customers, who do not deal directly with Drivers.

15. As a condition to working for Linn Star, Plaintiff and other Drivers are required to sign a form contract that Linn Star unilaterally prepared (hereafter, the "IC Contract"), under which Drivers are made to acknowledge their status as independent contractors.  Under the IC Contract, Drivers are made to assume Linn Star's responsibilities to pay operational expenses, such as various administrative fees, and the costs of workers' compensation/occupational accident insurance for the Drivers, in clear violation of the law. While the IC Contract deceptively pays lip service to Drivers' ostensible independence in determining their manner and means of work, in actual practice, Linn Star significantly controls the details of the work performed by Drivers, as discussed herein.

16. Defendants impose minimal driving and licensing qualifications on Drivers. No special skills outside of the ability to drive a truck are required. However, Defendants employ an application process that enables them to greatly control the individual Driver. For instance, Linn Star performs on each individual Driver a full background check and employment eligibility verification, including a criminal history check and a drug test.

17. The trucks used by Drivers to transport cargo for Linn Star must be in line with certain visual

branding requirements by Linn Star (i.e. only white trucks may be used), and Drivers use their trucks to work exclusively for Linn Star on a long-term basis.

18. The Drivers were not free from the control and direction of Linn Star in connection with the performance of the work, both under the contract for the performance of the work and in fact; on the contrary, Linn Star gives extremely detailed rules and regulations that its delivery drivers must follow in the performance of their work, even directing how garbage created by the delivery has to be separated and disposed of, as well as providing requirements for the method of disposal of old appliances.

19. Drivers are required to come to the warehouse at the beck and call of the terminal manager— they could have already left the warehouse when they would receive a call from the terminal manager ordering them to come back and pick up another appliance for delivery. If they do not do so, they are punished by not being given any future work.

20. Delivery drivers were required to come to meetings at the Benicia warehouse once a week on Tuesdays for the terminal manager to give instructions on performing their job— anywhere from 15 minutes to over an hour, all uncompensated.

21. Linn Star required that the box trucks used to make deliveries had to be painted white to match Linn Star's corporate branding scheme.

22. Linn Star Drivers were required to wear uniforms while working for Linn Star.

23. Linn Star Drivers were required to report to work at a certain time specified by Linn Star and make deliveries during certain time windows specified by Linn Starr. These are just a few examples of how Linn Star controlled the performance of the work by the putative independent contractor delivery drivers.

24. Defendants impose on Drivers, and strictly oversee, recordkeeping requirements by which Drivers are required to document, on forms generated by the Defendants, Drivers' work and hours, in the manner and frequency dictated by Defendants. Linn Star keeps and maintains these records.

25. Linn Star controls the assignment and dissemination of loads to each Driver, and directs Drivers' work. Drivers are subject to discipline, including verbal reprimands and *de facto* suspensions, if

they reject a load assigned by Linn Star.

26. Linn Star unilaterally set Drivers' pay rates, which are not negotiable as would be expected in a true independent contractor relationship.

27. Drivers are not engaged in a separate business or profession, but instead work exclusively for the Linn Star on a long-term basis, rather than periodically, and regularly work for Linn Star five to six days a week. Plaintiff and other Drivers working for Linn Star are dependent on Defendants for their livelihood.

28. Linn Star requires Drivers to obtain certain types of insurance and specific coverage levels on all trucks operated and cargo transported by Drivers as a condition for working for Linn Star. In actuality, Linn Star obtains and provides these insurance coverages and charges them to Drivers.

29. The days and hours worked by Drivers are controlled by Linn Star. To obtain work each day, Drivers are required to check in with the Linn Star's dispatchers at the start of the Drivers' work shift or the prior night, at which time the Driver is provided an initial load assignment. Throughout the course of the workday, the Driver must continually contact Linn Star to receive further instructions on further assignments, and is expected to continue working until all cargo loads have been pulled, and may be reprimanded and/or denied further assignments if he or she stops working early. Dispatchers continuously communicate with Drivers, who are required to be available at all times over mobile phone. Drivers are also required to install a specific mobile phone application that allows Linn Star to track them and provide them with instructions. Plaintiff alleges, on information and belief, that Linn Star uses the required application to monitor, in real time, the location, movement and status of Drivers working for Linn Star.

30. Drivers who work for Linn Star are integrated into Linn Star's regular business operations and are essential to Linn Star's day-to-day operations.

31. Linn Star strictly imposes various policies, instructions, work rules and regulations on Drivers, disobedience of which would result in worker discipline, including reprimands, warnings, suspensions, and up to immediate termination. Linn Star maintains and exercises the right to terminate and can easily terminate Drivers at any time for seemingly insignificant

grounds.

32. Linn Star strictly requires Drivers to do daily truck inspections, and to perform other maintenance inspections, subject to suspension and even termination for disobedience. Drivers are also subjected to mandatory drug and alcohol tests, also subject to discipline.

33. In reality, Defendants control the means, manner and methods by which the Drivers perform their work for Linn Star. Nevertheless, Defendants have willfully misclassified Drivers as independent contractors, in order to minimize costs and unduly maximize profits at the expense of their primary workforce.

34. Through their unlawful misclassification scheme, Defendants avoid the costs of providing workers compensation/occupational accident insurance to Drivers, denying such employees much needed protection in the event of work-related injuries or illnesses. Defendants also unlawfully pass on their operational costs to Plaintiff and other Drivers.

35. Plaintiff and other Drivers worked or currently work 16 or more hours a day, at least five— sometimes six—days a week, all without receiving minimum wages for any non-productive time, without receiving overtime or double-time premium compensation, and without being provided the opportunity to take meal and rest breaks.

36. Plaintiff and other Drivers are required by Linn Star to hire "helpers" to be able to complete their deliveries, and have to pay these helpers for their services; Linn Star never reimburses them this expense.

37. Plaintiff and other Drivers also use their personal cell phones or communication devices for Linn Star's benefit to communicate with the warehouse and with clients, again without reimbursement.

38. Plaintiff and other Drivers use their own money to purchase hand/power tools necessary to complete the deliveries. These tools are not provided to them by Linn Star, constituting independent violations of both Wage Order 9, Section 9(B) (as these drivers forced to provide their own tools were not paid twice minimum wage) and of Labor Code section 2802, on the basis of failure to reimburse.

39. Plaintiff and other Drivers spend their own money on fuel and upkeep of the delivery vehicles,

insurance on the vehicles, any deductibles or other payments for repairs to the vehicles, as well as the price of the vehicles themselves, again without reimbursement or compensation by Linn Star; depreciation of the vehicles is unreimbursed. Linn Star does not maintain records of all hours worked by its delivery drivers, nor does it provide its delivery drivers with earnings statements compliant with statutory requirements.

40. Defendants' unlawful conduct of misclassifying Drivers also allows Defendants to deprive Plaintiff and other Drivers of fundamental employment rights, such as the right to minimum wages, the right to mandated meal breaks, the right to mandated rest breaks, the right to premium wages for missed meal and rest breaks, the right to accurate itemized wage statements, the right to the prompt payment of full wages within time limits designated by law, and the right to workers compensation protection, guaranteed to employees under various provisions of the Labor Code and Wage Order 9-2001.

41. Plaintiff and other Drivers perform work that is NOT outside the usual course of Linn Star's business. Linn Star, on its website, defines its business as follows: "Linn Star Transfer, Inc is in the business to provide high-quality home deliveries." That is exactly what the delivery drivers are there to do.

42. Plaintiff further alleges on information and belief that Linn Star regularly denies both meal breaks and rest breaks provided for by law to its non-exempt warehouse workers; fails to keep accurate records of all hours worked by those warehouse workers; and fails to provide complete and accurate wage statements.

43. In fact, Defendants did not implement and have no policy or practice at all for providing meal and rest breaks to Drivers, as required by law. Accordingly, Defendants did not implement, nor have in place, any policy or practice at all of paying premium wages to Drivers for missed meal or rest breaks. Defendants uniformly engaged in these violations of law against Drivers for the entire duration of the applicable class period.

## CLASS ACTION ALLEGATIONS

44. This action may be properly maintained as a class action pursuant to the provisions of section 382 of the California Code of Civil Procedure.

45. Plaintiff brings this suit as a class action on behalf of himself and of the class of individuals that are defined as all individuals who (1) signed an IC Agreement with Linn Star in California at any time since January 23, 2015 through the date of notice to the class, (2) drove a truck he or she owned or leased to perform work for Linn Star in California at any time since January 23, 2015 through the date of notice to the class, and (3) were classified by Linn Star as an independent contractor instead of an employee (hereafter, collectively referred to as "Class Members"). In addition, Plaintiff may seek to certify a subclass of all Class Members who are no longer employed by Linn Star. Plaintiff further reserves the right to amend or modify the class description or establish additional subclasses as appropriate.

46. The Class Members are so numerous that joinder of each individual member would be impracticable, and the disposition of their claims in a class action, rather than in numerous individual actions, will benefit the parties, the Court, and the interests of justice. Plaintiff is informed and believes, and based thereon alleges, that there are in excess of 50 members in the proposed class.

47. The Class Members other than Plaintiff are readily ascertainable by their job positions and duties, by their classification as independent contractors by Defendant, and from the books and records maintained by the Defendants in their regular course of business.

48. There is a well-defined community of interest amongst the Class Members, as all of these individuals have resided and worked in California and have been similarly subjected to unlawful policies and/or practices that misclassified them as independent contractors, thereby depriving them of the protections afforded employees by California's employment laws. Through such misclassification, Class Members, including Plaintiff, were similarly subjected to unlawful policies and/or practices that improperly required them to pay for expenses incurred in discharging their duties, including, *inter alia*, the costs of workers compensation/occupational accident insurance. In addition, Class Members, including Plaintiff, have been similarly deprived of the legally-mandated minimum-wage compensation for all hours worked, overtime compensation, mandated meal and rest periods, the additional hour of compensation owing to them for missed meal and rest periods, accurate, itemized wage

statements reflecting all earned wages, and timely payment of all earned wages.

49. Common questions of law and fact that affect the class predominate over questions that affect only individual Class Members, including, among other things, (a) whether Defendants maintained a policy and/or practice whereby Class Members were improperly classified as independent contractors as opposed to employees; (b) whether Defendants maintained a policy and/or practice of failing to pay Class Members the legally-mandated minimum-wage and/or overtime for all hours worked; (c) whether Defendants maintained a policy and/or practice of failing to provide Class Members the meal periods to which they were entitled under California law; (d) whether Defendants maintained a policy and/or practice of failing to allow Class Members the rest periods to which they were entitled under California law; (e) whether Defendants maintained a policy and/or practice of failing to pay Class Members the additional hour of compensation owed to them under Labor Code section 226.7 for all shifts during which a mandated meal period was not provided; (f) whether Defendants maintained a policy and/or practice of failing to pay Class Members the additional hour of compensation owed to them under Labor Code section 226.7 for all shifts during which they were deprived a mandated rest period; (g) whether Defendants maintained a policy and/or practice of failing to pay all wages owed to Class Members within the time limits prescribed by Labor Code sections 201, 202 and/or 204; (h) whether Defendants maintained a policy and/or practice of failing to maintain and furnish accurate, itemized wage statements to Class Members; and (i) whether Defendants maintained a policy and/or practice whereby Class Members are improperly required to pay for expenses and losses incurred in discharging their duties.

50. Plaintiff's claims are typical of the claims of the Class Members because (a) Plaintiff's jobs, positions and duties are similar, if not identical to, the duties and activities of other Class Members; (b) Plaintiff was similarly misclassified as independent contractors as were other Class Members; (c) Plaintiff was similarly denied payment of minimum-wage compensation as were other Class Members; (d) Plaintiff was denied the same meal-break benefits, including additional compensation for missed meal breaks, as other Class Members; (e) Plaintiff was denied the same rest-break benefits, including additional compensation for missed rest breaks,

as other Class Members; (f) Plaintiff was not given accurate, itemized wage statements, as required by Labor Code section 226, like other Class Members; (g) Plaintiff was not paid all their earned wages within the time limits prescribed by the California Labor Code, like other Class Members; (h) Plaintiff was similarly subjected to the requirement that he pay for expenses and losses incurred in discharging his duties for Linn Star as other Class Members; and (i) Plaintiff was denied the foregoing rights and benefits provided under California's employment laws and regulations in the same manner that such rights and benefits were denied to other Class Members.

51. It is common knowledge that employees face great risks in pursuing separate actions, including retaliation. For these and other reasons, a class action is superior to other methods for the fair and efficient adjudication of this controversy. Individual actions are expensive in terms of attorneys' fees and costs relative to limited amounts of possible recovery. The great majority of class members are unlikely to find attorneys to represent them and they would find it difficult if not impossible to afford to pay hourly fees to attorneys for such actions.

52. Moreover, administrative proceedings are by no means an adequate or appropriate remedy against Defendants' violations. Among other limitations in administrative proceedings, for example, there is limited discovery permitted in California Labor Commission cases; employers are typically represented by attorneys while plaintiff-employees usually are not, and are not afforded counsel by the Labor Commissioner; there is limited relief available and a more limited statute of limitations (i.e., no restitution under California Business & Professions Code §§17200 *et seq.*); no attorneys' fees are recoverable for the administrative hearing, whereas in a civil action such as this one there is an attorneys' fees statute in favor of the plaintiff; and any decision made by the Labor Commissioner is subject to trial *de novo* in the courts, and thus would be very wasteful of time, costs, and other resources.

53. Plaintiff can adequately represent the interests of the Class Members because, like them, he was employed by Defendants to provide the same trucking services offered by Defendants, and Plaintiff suffered the same or similar injuries as a result of Defendants' systemic failures to comply with the applicable California employment laws and regulations governing classification

of workers as employees as opposed to independent contractors; minimum wage; meal- and rest-break benefits; requirements that employers indemnify employees for expenses and losses incurred in discharging their duties; timely payment of wages; and recordkeeping requirements. Furthermore, Plaintiff has retained counsel who are experienced in litigating wage-and-hour class actions, including in the transportation industry and trucking industry. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the class, and have the financial resources necessary to do so.

## FIRST CAUSE OF ACTION
### For Failure to Pay Minimum Wage
#### *(Cal. Lab. Code §§ 1194, 1194.2 & 1197)*
### AGAINST LINN STAR AND DOES 1 THROUGH 100

54. Plaintiff incorporates by reference and re-alleges paragraphs 1 through 53, inclusive, as though set forth fully herein.

55. Labor Code section 1197 makes it unlawful to pay an employee less than the minimum wage, as established by the Industrial Welfare Commission, for each hour worked.

56. Labor Code section 1194 entitles an employee receiving less than the minimum wage to recover, in a civil action, the unpaid balance of minimum wages owing, plus interest thereon, reasonable attorneys' fees, and costs of suit.

57. Labor Code section 1194.2 entitles an employee receiving less than the minimum wage to recover liquidated damages in an amount equal to the unpaid minimum wages and interest thereon.

58. Class Members, including Plaintiff, are paid a piece rate, consisting of a flat, non-negotiable amount for each load they transport. Defendants do not pay Class Members earned compensation for additional time they are under the control of Defendants and suffered or permitted to work, including, but not limited to, the time drivers spend waiting at the Defendants' facility to be given assignments by dispatchers, meeting with the Defendants' managers, conducting pre-trip and post-trip truck and safety inspections mandated by Defendants, and filling out mandatory paperwork, including, without limitation, time logs, manifests, lease paperwork, and pre-trip and post-trip inspections.

59. As a result of Defendants' improper pay policy and/or practice, as described herein, Defendants failed to pay Plaintiff and other Class Members any compensation at all for each hour of work outside of actual driving time, and thus failed to pay the minimum wage that these workers were entitled to, for each hour worked, under Labor Code section 1197 and Wage Order 9-2001. Plaintiff is informed and believes, and based thereon alleges, that Defendants' failure to pay the minimum wage for each hour worked, as described herein, was done willfully.

60. Additionally, as a result of Defendants' failure to pay Plaintiff and other misclassified Drivers the minimum wages for all hours worked, these workers were not timely paid all earned wages as required by Labor Code section 204.

61. Based on Defendants' conduct, as alleged herein, Linn Star, and Does 1 through 100, are liable to the Class Members, including Plaintiff, for unpaid minimum-wage compensation pursuant to California Labor Code sections 1194 and 1197, and Wage Order 9-2001, liquidated damages in an amount equal to the unpaid wages owed to such employees, plus interest, pursuant to California Labor Code sections 1194.2, and attorneys' fees and costs of suit, pursuant to California Labor Code sections 1194 and 1194.2.

## SECOND CAUSE OF ACTION
### For Failure to Pay Overtime
#### (Cal. Lab. Code § 510, 558 & 1194)
### AGAINST LINN STAR AND DOES 1 THROUGH 100

62. Plaintiff, on behalf of himself and all class action members, realleges and incorporates by reference the allegations contained in the paragraphs 1-61 above as if fully set forth herein.

63. Since at least four years prior to the filing of this Complaint, Linn Star required Plaintiff and class members to work in excess of eight (8) hours per workday and forty (40) hours per workweek. However, it failed to fully pay the overtime wages that Plaintiff and class members earned.

64. California Labor Code § 510 and the applicable Wage Order require that an employer compensate all work performed by an employee in excess of eight (8) hours per workday and forty (40) hours per workweek, at one and one-half times the employee's regular rate of pay.

65. California Labor Code § 1194 states that any employee receiving less than the legal overtime

compensation applicable is entitled to recover in a civil action the unpaid balance of the full amount of his overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

66. During all relevant times, Linn Star knowingly and willfully failed to pay overtime earned and due to Plaintiff and class members. Linn Star's conduct deprived Plaintiff and class members of full and timely payment for all overtime hours worked in violation of the California Labor Code.

67. Plaintiff, on behalf of himself and similarly situated class members, also requests further relief as described below.

## THIRD CAUSE OF ACTION
### For Failure to Pay Wages for Missed Meal periods
### (Cal. Lab. Code § 226.7)

### AGAINST LINN STAR AND DOES 1 THROUGH 100

68. Plaintiff incorporates by reference and re-alleges paragraphs 1 through 67, inclusive, as though set forth fully herein.

69. As alleged herein, Defendants have maintained a policy and/or practice whereby Class Members, including Plaintiff, were and are misclassified as independent contractors. As such, Defendants have systematically failed and/or refused to provide Class Members, including Plaintiff, with an uninterrupted, off-duty meal break of at least 30 consecutive minutes in duration for all shifts in excess of 5 hours, as guaranteed to them as employees under California Labor Code sections 226.7 and 512, and Wage Order 9-2001.

70. Wage Order 9-2001, paragraph 11, requires an employer to pay an employee an additional hour of compensation for every shift that a mandated meal period is not provided. California Labor Code section 226.7, subdivision (b), likewise requires an employer to pay an employee an additional hour of compensation for every shift that a meal period required by the California Wage Orders is not provided.

71. At all relevant times herein, Defendants have failed and/or refused to provide Class Members, including Plaintiff, with the additional compensation for missed meal periods required by California Labor Code section 226.7 and Wage Order 9-2001

72. Based on Defendants' conduct, as alleged herein, Defendants are liable to the Class

Members, including Plaintiff, for their unpaid premium wages for missed meal periods, pursuant to California Labor Code section 226.7 and Wage Order 9-2001.

### FOURTH CAUSE OF ACTION
**For Failure to Pay Wages for Missed Rest Breaks**
*(Cal. Lab. Code § 226.7)*

### AGAINST LINN STAR AND DOES 1 THROUGH 100

73. Plaintiff incorporates by reference and re-alleges paragraphs 1 through 72, inclusive, as though set forth fully herein.

74. As alleged herein, Defendants have maintained a policy and/or practice whereby Class Members, including Plaintiff, were and are misclassified as independent contractors. As such, Defendants have systematically failed and/or refused to authorize or permit Class Members, including Plaintiff, to take an uninterrupted 10-minute rest break for every 4 hours worked or major fraction thereof, as guaranteed to them as employees under California Labor Code section 226.7 and Wage Order 9-2001.

75. Wage Order 9-2001, paragraph 12, requires an employer to pay an employee an additional hour of compensation for every shift in which said employee was not authorized or permitted to take a mandated rest period. California Labor Code section 226.7, subdivision (b), likewise requires an employer to pay an employee an additional hour of compensation for every shift that a rest period mandated by the California Wage Orders is not provided.

76. At all relevant times herein, Defendants have failed and/or refused to provide Class Members, including Plaintiff, with the additional compensation for missed rest periods required by California Labor Code section 226.7 and Wage Order 9-2001.

77. Based on Defendants' conduct, as alleged herein, Defendants are liable to the Class Members, including Plaintiff, for their unpaid premium wages for missed rest periods, pursuant to California Labor Code section 226.7 and Wage Order 9-2001

### FIFTH CAUSE OF ACTION
**For Failure to Reimburse Business Expenses**
*(Cal. Lab. Code § 2802)*

### AGAINST LINN STAR AND DOES 1 THROUGH 100

78. Plaintiff incorporates by reference and re-alleges paragraphs 1 through 77, inclusive, as though

set forth fully herein.

79. Pursuant to California Labor Code section 2802, Defendants are required to indemnify Plaintiff and other Class Members for the expenses and losses incurred during the performance of their job duties.   The purpose of this statute is to prevent employers from passing their operating expenses on to their employees.   *See Gattuso v. Harte-Hanks Shoppers, Inc.* (2007) 42 Cal. 4th 554, 562.

80. In violation of Labor Code section 2802, Defendants required Plaintiff and Class Members to pay operational expenses, including the cost of "helpers" required to perform the deliveries, the cost of tools required to perform the deliveries, mobile phones required to perform deliveries and communicate with the Benicia Linn Star terminal/warehouse, fuel for the trucks required to perform deliveries, workers compensation, occupational accident, general liability, commercial liability, and/or automotive insurance on the box trucks used to perform deliveries, maintenance on the delivery trucks, the costs of purchasing/leasing the delivery trucks, deductibles and costs of repairing delivery trucks damaged in the course of deliveries made for Linn Star, and depreciation of the delivery trucks.

81. Plaintiff seeks to recover, on behalf of himself and other Class Members, these expenses unlawfully deducted, withheld, or otherwise uncompensated by Defendants from Class Members' pay, plus interest thereon, reasonable attorneys' fees, and costs, in an amount to be proven at trial.

### SIXTH CAUSE OF ACTION
#### For Failure to Provide Accurate, Itemized Wage Statements
##### *(Cal. Lab. Code § 226)*

### AGAINST LINN STAR AND DOES 1 THROUGH 100

82. Plaintiff incorporates by reference and re-alleges paragraphs 1 through 81, inclusive, as though set forth fully herein.

83. Section 226(a) of the California Labor Code requires Defendants to itemize in wage statements all deductions made from wages earned by Plaintiff and other Class Members, and to accurately report total hours worked, and wages earned, by such employees.   Defendants have knowingly and intentionally failed to comply with Labor Code section 226(a) on each

and every wage statement that should have been provided to Plaintiff and other Class Members.

84. By failing to keep adequate records, as required by Labor Code section 226, Defendants have injured Plaintiff and other Class Members, and made it confusing and difficult to calculate the unpaid wages earned and expenditures not indemnified by Defendants (including wages, interest, and penalties thereon) due to Plaintiff and other Class Members.

85. Plaintiff seeks to recover, on behalf of himself and other Class Members, the statutory penalties provided by Labor Code section 226(e) for the wage statement violations committed by Defendants.

### SEVENTH CAUSE OF ACTION
**For Waiting Time Penalties**
*(Cal. Lab. Code §§ 201, 202 & 203)*

### AGAINST LINN STAR AND DOES 1 THROUGH 100

86. Plaintiff incorporates by reference and re-alleges paragraphs 1 through 85, inclusive, as though set forth fully herein.

87. Sections 201 and 202 of the California Labor Code require employers to promptly pay all wages owing to an employee at the conclusion of employment.

88. Many of the proposed Class Members, including Plaintiff, are no longer working for Defendants. These former employees were either discharged, quit, or otherwise terminated their employment with Defendants.

89. Defendants' failures to pay Class Members who are no longer working for Defendants all wages owing to these former employees, as alleged above, were willful.

90. Class Members, including Plaintiff, no longer working for Defendants are therefore entitled to penalties against Defendants, in an amount to be determined at trial, pursuant to Labor Code section 203, which provides that an employee's wages shall continue as a penalty until paid, for a period of up to thirty (30) days from the time they were due.

### EIGHTH CAUSE OF ACTION
**For Unfair Competition**
*(Cal.Bus. & Prof. Code §§ 17200 et seq.)*

### AGAINST LINN STAR AND DOES 1 THROUGH 100

91. Plaintiff incorporates by reference and re-alleges paragraphs 1 through 90, inclusive, as though

set forth fully herein.

92. California has an important public policy of protecting the welfare of employees, and thus provides for necessary meal and rest periods and that statutorily-guaranteed wages be paid for all hours worked and for missed meal and rest periods. California also prohibits deductions to wages unless authorized by law. *See Cal. Lab. Code §§ 221, 224, 226.7, 512 & 1197.* Defendants' willful misclassification scheme, through which Drivers are denied mandated meal and rest periods, premium wages for missed meal and rest periods, and the legally-mandated minimum wages for all hours worked, and are subjected to improper deductions to wages not authorized by law, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff, the proposed Class Members, and the general public. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

93. A violation of California Business & Professions Code sections 17200 *et seq.* may be predicated on the violation of any state or federal law. Defendants' activities, as alleged herein, are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code sections 17200 *et seq.*

94. Plaintiff and Class Members are low wage workers dependent on Defendants for their livelihood, and do not have the same bargaining advantage as their employers. Defendants' misclassification of Plaintiff and Class Members as independent contractors, when these Drivers are truly employees subject to strict control by Defendants, is unlawful and unfair. By devising a subterfuge where Class Members are required to sign Independent Contractor Operating Contracts under which Class Members are labelled as independent contractors, Defendants are able to avoid their obligations to abide by the minimum employee-protection thresholds set by State, including provisions regarding mandated meal and rest periods, earned premium wages for missed meal and rest periods, guaranteed minimum-wage compensation for all hours worked, prohibitions against improper deductions from employees' pay for costs arising from Defendants' own business activities, and the guarantees of employer-provided workers compensation insurance to protect against work-related injuries and illnesses.

95. Throughout the time relevant to this action, Defendants, as described herein, have failed and/or

refused to abide by the minimum-employee protections that have long been set forth in California law.

96. Defendants' misclassification scheme allows Defendants to strip Plaintiff and Class Members of their fundamental employment rights, such as the rights to minimum wage, mandated meal and rest periods, premium wages for missed meal and rest periods, itemized wage statements, and the prompt payment of full wages within time limits set by law, as provided under various provisions of the Labor Code and Wage Order 9-2001. Defendants also willfully deprive Plaintiff and Class Members of the protections afforded to them under California Workers Compensation laws, denying said drivers the basic medical and financial assistance guaranteed to all employees in the event of work-related injuries and/or sicknesses that may occur in the course of operating trucks for Linn Star. Under their unlawful scheme, Defendants are further able to evade their other legal responsibilities as employers, and instead shift the burden of paying the costs of self-employment and unemployment taxes onto Plaintiff and other Class Members.

97. With their unlawful scheme, Defendants are able to unjustly keep and appropriate for themselves significant amounts of money that otherwise should have been paid to Class Members as wages. Defendants are also able to illegally pass on business operational costs described above to their employees, thereby reducing wages due, in violation of Labor Code section 2802. To the extent that Defendants require Class Members to waive the benefits of said statute, Defendants also violate Labor Code section 2804.

98. Defendants' unfair business practices have reaped undue benefits and illegal profits, and unjustly enriched Defendants, at the expense of Plaintiff, other Class Members, and the public. Plaintiff and other Class Members have been personally injured by Defendants' unlawful business acts and practices, as alleged herein, including but not necessarily limited to the loss of money or property.

99. Pursuant to California Business & Professions Code sections 17200 *et seq.*, Plaintiff Aguilar, and other Class Members currently working for Defendants, are entitled to preliminary and permanent injunctive relief enjoining Defendants from continuing to commit their illegal

acts, and for an accounting for and restitution of the monies unlawfully withheld and retained by Defendants. Plaintiff and other Class Members are also entitled to disgorgement of illegally acquired profits by Defendants during the period starting on January 23, 2015 through the present. Plaintiff is also entitled to an award of attorneys' fees and costs pursuant to the common fund doctrine, California Code of Civil Procedure section 1021.5 and other applicable laws.

## NINTH CAUSE OF ACTION
**For Recovery of Civil Penalties Under the Labor Code Private Attorney General Act**
***(Cal. Lab. Code §§ 2698 et seq.)***

### AGAINST ALL DEFENDANTS

100.    Plaintiff incorporates by reference and re-alleges paragraphs 1 through 85, inclusive, as though set forth fully herein.

101.    As a result of the acts alleged herein, Plaintiff, as an aggrieved employee within the meaning of Labor Code section 2699, subdivision (c), on behalf of himself and other current or former Drivers of Defendants, seeks the recovery of civil penalties against Defendants pursuant to California Labor Code sections 2698 *et seq.*, for the following knowing and intentional violations of the California Labor Code:

a.    For willfully misclassifying Drivers, including Plaintiff, as independent contractors, and engaging in a pattern or practice of committing said unlawful acts, in violation of Labor Code section 226.8 and the applicable wage order #9, against all Defendants;

b.    For failing to pay Plaintiff and other misclassified Drivers the legally-mandated minimum wage for each hour worked, in violation of Labor Code sections 1197 and 1197.1 and the applicable wage order #9;

c.    For failing to pay Plaintiff and other misclassified Drivers the legally-mandated overtime and double-time premiums in violation of Labor Code sections 510, 1194, and 558 and the applicable Wage Order #9;

d.    For failing to provide required meal periods to Plaintiff and other misclassified Drivers, as well as to non-exempt warehouse employees, in violation of Labor Code sections 226.7 and 512, and paragraph 11 of Wage Order 9-2001;

e.      For failing to pay Plaintiff and other misclassified Drivers, as well as non-exempt warehouse employees, the additional hour of compensation earned for every shift that a mandated meal period was denied, in violation of Labor Code section 226.7(b) and paragraph 11 of Wage Order 9-2001;

f.      For failing to authorize and/or permit required rest periods to Plaintiff and other misclassified Drivers, as well as to non-exempt warehouse employees, in violation of Labor Code section 226.7 and paragraph 12 of Wage Order 9-2001;

g.      For failing to pay Plaintiff and other misclassified Drivers, as well as non-exempt warehouse employees the additional hour of compensation earned for every shift that a mandated rest period was denied, in violation of Labor Code section 226.7(b) and paragraph 12 of Wage Order 9-2001;

h.      For failing to indemnify Plaintiff and other misclassified Drivers for expenditures incurred by such employees in direct consequence of their discharge of duties, as described above, in violation of Labor Code sections 2800, 2802, and 2804;

i.      For unlawfully collecting, receiving, or withholding part of Plaintiff's and other misclassified Drivers' wages, in violation of Labor Code sections 221-225.5 and the applicable wage order #9;

j.      For failing to pay wages promptly following termination of employment, or when due and payable, in violation of Labor Code sections 201, 202 and 204 and the applicable wage order #9; and

k.      For failing to maintain for and provide to Plaintiff and other misclassified Drivers the accurate, itemized wage statements required by Labor Code section 226.

102.    The above-referenced civil penalties shall include the recovery of amounts specified in the applicable sections of the Labor Code, and if not specifically provided, those under section 2699(f),  and shall include those amounts sufficient to recover underpaid wages, including all necessary expenditures or losses incurred by Plaintiff and other misclassified truck drivers, pursuant to Labor Code sections 210, 225.5, 226.3, 226.8, 558(a), 1197.1(a), 2802, and 2699, subdivisions (a) and (f).

103.    Plaintiff reserves his rights to allege any additional and all other violations of the Labor Code and the Wage Order as may be disclosed in discovery and as a result of additional

investigation that may be pursued in this action.

104.    Defendant Abbey, acting for himself, and on behalf of Linn Star, is responsible for the violations of law described herein, in that Abbey decided, planned, caused, assisted, participated in, allowed and/or ratified the unlawful acts as alleged herein.    As Terminal Manager, and the highest-ranking officer of the Linn Star in California, Abbey exercises supervisorial authority and control over the key employees that implemented, and continue to implement, the unlawful wage-and-hour practices against Plaintiff, other former and current Drivers, and other non-exempt employees. Abbey knew, or should have known, that the Drivers should be regarded as employees, but chose to willfully misclassify the drivers as independent contractors, in order to maximize profits for Linn Star.

105.    Consequently, Defendant Abbey is individually liable, pursuant to PAGA, for civil penalties arising: (a) under Labor Code section 226.8, which makes it unlawful for "any person or employer to engage" in "willful misclassification of        an individual as an independent contractor"; (b) under Labor Code section 1197.1, which holds liable "any employer or other person acting either individually or as an officer, agent or employee" who pays or causes to be paid to any employee a  wage less than the minimum wage; (c) under Labor Code section 558, which holds liable any "person acting on behalf of an employer who violates, or causes to be violated," *inter alia*, Labor Code section 512, and/or "any provision regulating hours and days of work in any order of the Industrial Welfare Commission"; (d) under Labor Code section 210(a), which holds liable "every person who fails to pay the wages of each employee as provided" within the time limits set under Labor Code section 204; and (e) under Labor Code section 225.5, which holds liable "every person who unlawfully withholds wages due any employee in violation of", *inter alia*, Labor Code section 221.

106.    On or about January 10, 2019, Plaintiff, through his counsel, sent a letter by Certified Mail to Defendants LINN STAR TRANSFER, INC. and KEVIN ABBEY, giving notice of Defendants' Labor Code and Wage Order violations, as alleged herein.  A copy of said PAGA letter was also submitted on the same date to the California Labor and Workplace Development Agency ("LWDA"), via the online filing system required by the PAGA statute.

107.    The January 10, 2019 notice to Defendants and the LWDA gave notice of Plaintiff's intent to prosecute a private enforcement action to assess and recover civil penalties under PAGA in the event the LWDA, following review, declines to investigate the asserted violations of the California Labor Code and Wage Order 9-2001.

108.    Plaintiff will file an amended complaint after the LWDA has been afforded the opportunity to consider Plaintiff's notice of Defendants' Labor Code violations, and of Plaintiff's intent to prosecute a private enforcement action for civil penalties under PAGA. If the LWDA declines to investigate, Plaintiff will prosecute this PAGA cause of action against Defendants, pursuant to California Labor Code section 2699.3, subdivision (a)(2)(A).

109.    Plaintiff was compelled to retain the services of counsel to file this court action to protect his interests and those of Defendants' other former and current Drivers, and to assess and collect the civil penalties owed by Defendants. Plaintiff has thereby incurred attorneys' fees and costs, which they are entitled to recover under Labor Code section 2699.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court award relief as follows:

1.    Unpaid wages and compensation, and statutory penalties, according to proof;

2.    Restitution of all compensation due, including but not limited to wages and benefits, as a result of Defendants' unlawful and unfair business practices, according to proof;

3.    Preliminary and permanent injunctions enjoining and restraining Defendants from continuing the unfair and unlawful business practices set forth above, and requiring the establishment of appropriate and effective policies, procedures and practices in place to prevent future violations, including the maintenance of records that comply with California Labor Code section 226 and Wage Order 9-2001;

4.    Declaratory relief;

5.    Liquidated damages pursuant to section 1194.2 of the California Labor Code, for Defendants' violations of the minimum-wage provisions of California Labor Code section 1197 and IWC Wage Order 9-2001, according to proof;

6.    Reasonable attorneys' fees and costs, pursuant to, *inter alia*, California Labor Code

1   sections 218.5, 226, 1194, 2699 and 2802, and California Code of Civil Procedure

2   section 1021.5;

3   7.   Interest accrued on damages and penalties, including pre-judgment interest,

4        pursuant to, *inter alia*, California Labor Code sections 218.6, 1194 and 1194.2, and

5        California Civil Code sections 3287 and 3288;

6   8.   Civil penalties pursuant to California Labor Code sections 210, 225.5, 226.3, 226.8,

7        558, 1197.1, 2802, and 2699, subdivisions (a) and (f), for Defendants' violations of

8        the California Labor Code and IWC Wage Order 9-2001, according to proof; and

9   9.   Such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: January 24, 2019                 FINE, BOGGS & PERKINS LLP

By: Roman Zhuk
Attorneys for Plaintiff
ARTURO AGUILAR, an individual,
on behalf of himself and others similarly
situated and on behalf of the State of California

## DEMAND FOR JURY TRIAL

Plaintiff ARTURO AGUILAR hereby demands a jury trial on all issues so triable.

Dated: January 24, 2019                 FINE, BOGGS & PERKINS LLP

By: Roman Zhuk
Attorneys for Plaintiff
ARTURO AGUILAR, an individual,
on behalf of himself and others similarly
situated and on behalf of the State of California