# EXHIBIT B

MOLLIE M. BURKS (SBN: 222112)
SAT SANG S. KHALSA (SBN: 256130)
GORDON REES SCULLY MANSUKHANI, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (510) 463-8668
Facsimile: (415) 986-8054
mburks@grsm.com
skhalsa@grsm.com

Attorneys for Defendants
LINN STAR TRANSFER, INC. and
KEVIN ABBEY

ENDORSED
FILED
ALAMEDA COUNTY

FEB 2 8 2019

CLERK OF THE SUPERIOR COURT
By: ERICA BAKER, Deputy

SUPERIOR COURT OF CALIFORNIA

COUNTY OF ALAMEDA

| | |
|---|---|
| ARTURO AGUILAR, an individual, on behalf of himself and other similarly situated and on behalf of the State of California,<br><br>Plaintiff,<br><br>v.<br><br>LINN STAR TRANSFER, INC., an Iowa Corporation; KEVIN ABBEY, an individual; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO. RG19004033<br><br>**CLASS ACTION**<br><br>**ANSWER TO COMPLAINT**<br><br>Complaint Filed: 1/25/2019 |

Defendants Linn Star Transfer, Inc. and Kevin Abbey (hereafter "Defendants") hereby answers the Unverified Complaint ("Complaint") filed by Plaintiff Arturo Aguilar ("Plaintiff") as follows:

## I.

## GENERAL DENIAL

Pursuant to the provisions of the California Code of Civil Procedure section 431.30(d), Defendants deny generally and specifically each and every allegation contained in Plaintiff's Complaint, and further deny that Plaintiff has been damaged in the amounts alleged therein, or in any other amount, or at all.

## II.

## AFFIRMATIVE DEFENSES

Defendants asserts the following affirmative defenses with respect to each cause of action contained within Plaintiff's Complaint:

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

1. Defendants allege that the Complaint fails to state a claim for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

(Statute of Limitations)

2. Defendants allege that Plaintiff's claims are barred by the applicable statutes of limitation including, but not limited to, California Code of Civil Procedure sections 337, 338, 339, 340 and 343; California Labor Code section 1197.5; and any other applicable statutes of limitation.

### THIRD AFFIRMATIVE DEFENSE

(Unclean Hands)

3. Defendants allege that Plaintiff's Complaint, and each purported cause of action alleged therein, is barred by the doctrine of unclean hands, where Plaintiff is not acting in good faith by bringing the instant lawsuit and has fabricated all allegations of failure to pay all wages and other wage and hour claims. This Affirmative Defense is plead in the alternative, is to be determined by the Court at trial, and Defendants reserves the right to supplement the facts stated herein after the parties have engaged in discovery.

### FOURTH AFFIRMATIVE DEFENSE

(Waiver)

4. Defendants allege that by his conduct, Plaintiff has waived any right to recover any relief pursuant to the Complaint, or any purported cause of action alleged therein.

/ / /

/ / /

## FIFTH AFFIRMATIVE DEFENSE

(Estoppel)

5. As a separate and distinct affirmative defense, Defendants allege that Plaintiff is estopped by his conduct from recovering any relief pursuant to the Complaint, or any purported cause of action alleged therein.

## SIXTH AFFIRMATIVE DEFENSE

(Lack of Damages/Failure to Mitigate)

6. Defendants allege that Plaintiff has suffered no damages as a result of any alleged act or omission of Defendants, and even if Plaintiff has suffered damages or injuries, all or some portion of said damages or injuries were caused or attributable to Plaintiff's failure to take reasonable action to mitigate said damages or injuries, if any.

## SEVENTH AFFIRMATIVE DEFENSE

(Laches)

7. Defendants allege that Plaintiff is guilty of undue delay in filing and prosecuting this suit, and accordingly, this action is barred by the doctrine of laches.

## EIGHTH AFFIRMATIVE DEFENSE

(Good Faith Dispute)

8. Defendants allege that without conceding that there are any wages and/or monies due, there exists a good faith dispute regarding the payment of wages and/or monies. Therefore, penalties are not warranted.

## NINTH AFFIRMATIVE DEFENSE

(Failure to Exhaust Internal and Administrative Remedies)

9. Defendants allege that Plaintiff's Complaint and any purported cause of action alleged therein is barred by Plaintiff's failure to exhaust administrative and internal remedies available under state and federal laws, including, without limitation, the California Labor Code, and Defendants' internal policies and procedures.

///

///

## TENTH AFFIRMATIVE DEFENSE

(No Standing)

10. Defendants allege that Plaintiff has no standing to bring some or all of the claims which are therefore barred.

## ELEVENTH AFFIRMATIVE DEFENSE

(Not Willful)

11. As a separate and distinct affirmative defense, Defendants allege that the conduct and/or violation of law alleged against Defendants are not sufficient to be "willful" within the meaning of California Labor Code section 203.

## TWELFTH AFFIRMATIVE DEFENSE

(Compliance with Law/ *De Minimis*)

12. Defendants allege that any recovery on Plaintiff's Complaint, or any cause of action contained therein, may be barred by Defendants' compliance or substantial compliance with all applicable laws underlying Plaintiff's claim and the purported Labor Code violations, if any, were *de minimis*.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Reasonable Interpretation of Applicable Law)

13. Defendants allege that it acted in good faith reliance upon the reasonable interpretation of applicable law.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Plaintiff Not Entitled To Attorney's Fees)

14. Defendants allege that Plaintiff's Complaint and each cause of action therein fails to state facts upon which attorney's fees can be awarded to Plaintiff's Attorney.

## FIFTEENTH AFFIRMATIVE DEFENSE

(Defendants Entitled to Attorney's Fees)

15. Defendants allege that to the extent that the Complaint and each cause of action set forth therein are unreasonable and/or filed in bad faith and/or are frivolous in nature, an award of attorneys' fees and costs is justified against Plaintiff pursuant to California law.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Frivolous Lawsuit)

16. This suit is frivolous, unreasonable and/or without foundation and, as a result, Defendants are entitled to recover costs and attorneys' fees from Plaintiff, and hereby seeks that recovery.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Plaintiff Not Aggrieved)

17. Neither Plaintiff nor any individual he purports to represent is "aggrieved" as that term is defined in California Labor Code § 2698 et seq.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Plaintiff Not Adequate Representative)

18. Plaintiff is not an adequate representative of the interests of absent putative aggrieved employees.

## NINETEENTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

19. Defendants allege that Plaintiff's claims are barred by the applicable statutes of limitation including, but not limited to, California Code of Civil Procedure sections 337, 338, 339, 340 and 343; California Labor Code section 1197.5; and any other applicable statutes of limitation.

## TWENTIETH AFFIRMATIVE DEFENSE

(Facial Due Process)

20. Defendants allege that Labor Code section 2699 fails to identify the manner in which penalties for violations of the California Labor Code accrue and thus, is facially ambiguous and violates due process notions pursuant to the United States Constitution.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

(Excessive Fines)

21. Defendants allege that the penalties and fines sought are unconstitutional and excessive under the United States Constitution, and specifically under the Excessive Fines

Clause of the Eighth Amendment, U.S. Const. Amend. VIII, and the Due Process Clause of the Fourteenth Amendment, U.S. Const. Amend. XIV, Section 1.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

(Penalties Cannot Be Determined on a Class or Community-Wide Basis)

22. As a separate and distinct affirmative defense, Plaintiff's claims for penalties under the Private Attorneys General Act, Labor Code section 2698 et seq. (PAGA) cannot be determined on a class or community-wide basis.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

(Failure to Provide Notice)

23. As a separate and distinct affirmative defense, Plaintiff's claims for penalties under PAGA are barred by Plaintiff's failure to provide the Labor Workforce Development Agency (LWDA) sufficient notice of their claims, the names of the "aggrieved employees" on whose behalf they intend to seek penalties, and/or the facts underlying their claims to permit the LWDA to make a reasoned determination regarding whether to investigate, and thus Plaintiff's notice was deficient and the Court lacks jurisdiction over their claims for violation of PAGA.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Unlawful Delegation)

24. As a separate and distinct affirmative defense, Plaintiff's claims for penalties under PAGA are barred to the extent private actions seeking PAGA penalties manifest an unlawful delegation of executive or other authority.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Jury Trial to any Particular Individual Plaintiff)

25. As a separate and distinct affirmative defense, as a matter of constitutional right and substantive due process, Defendants would be entitled to contest by jury trial its liability to any particular individual plaintiff, even if the representatives of the purported plaintiff class prevail on their claims. Trying this case as a class action would violate the United States Constitution and the California Constitution.

/ / /

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

(Taking)

26. Any award of restitution under California Business & Professions Code, sections 17200 et seq., would constitute a taking of property without just compensation in violation of the Takings Clauses of the Fifth Amendment to the United States Constitution (as incorporated into the Fourteenth Amendment to the United States Constitution) and of Article I, Section 19, of the California Constitution.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

(Acts or Omissions of Plaintiff)

27. As a separate and distinct affirmative defense, the Complaint, and each purported cause of action contained therein, is barred in whole or in part to the extent that damages, if any, resulted from the acts and/or omissions of Plaintiff or any person on whose behalf relief is sought.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

(Offset)

28. As a separate and distinct affirmative defense, Defendants are informed and believes and thereon allege that the Complaint is barred as against Defendants as the amounts claimed are overstated or are subject to offset.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

(Claims Not Representative of Class)

29. As a separate and distinct affirmative defense, Defendants allege that the claims of the named Plaintiff is not representative of the claims of the members of the putative class, and therefore this action is not properly maintained as a class action.

### THIRTIETH AFFIRMATIVE DEFENSE

(Class Representative is Adverse to the Class)

30. As a separate and distinct affirmative defense, Defendants allege that the claims of the named Plaintiff is adverse to the interests and desires of the members of the putative class and therefore this action is not properly maintained as a class action.

-7-
ANSWER TO COMPLAINT

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

(Claims Not Typical of Class)

31.  As a separate and distinct affirmative defense, Defendants allege that the claims and interests of Plaintiff, and Defendants' defenses thereto, are not typical of the putative claims or related defenses of the putative class as a whole, and Plaintiff is not a suitable class representative. Therefore, Plaintiff cannot satisfy the prerequisites for a class action set forth in section 382 of the California Code of Civil Procedure.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

(No Common Questions of Law or Fact)

32.  As a separate and distinct affirmative defense, Defendants allege that there are not questions of law or fact common to the putative class; rather, individualized questions of law and fact predominate over any semblance of common question. In addition, the proof particular to each putative class member's claims and the defenses thereto will vary widely. Therefore, Plaintiff cannot meet the prerequisites for a class action set forth in section 382 of the California Code of Civil Procedure.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

(Class Action Not Practical)

33.  As a separate and distinct affirmative defense, Defendants allege that this case is not properly maintained as a class action because the prosecution of separate actions by individual members of the putative class would not create a risk of inconsistent or varying adjudications or adjudications that, as a practical matter, would be dispositive of the interests of other members not parties to the action.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

(Class Action Not Proper)

34.  As a separate and distinct affirmative defense, Defendants allege that this action is not properly maintained as a class action because concentrating the litigation of the claims of the putative class, as to which individualized facts and proof will predominate, in one particular forum is not desirable.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

(Class Not Manageable)

35. As a separate and distinct affirmative defense, Defendants allege that this case is not properly maintained as a class action because of the difficulties likely to be encountered in the management of a class action.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

(Due Process)

36. As a separate and distinct affirmative defense, Defendants allege that, as applied to this case, California Code of Civil Procedure section 382 fails to provide adequate due process protections inasmuch as it constitutes trial by formula and unfairly restricts Defendants' right to litigate affirmative defenses to the individual claims of Plaintiff and each member of the putative class and is therefore denies Defendants the protection of the Due Process Clause of the United States Constitution

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

(Plaintiff at Fault for any Failure to Take Meal and/or Rest Periods)

37. As a separate and distinct affirmative defense, Defendants allege that Defendants made Plaintiff aware of their right to and encouraged Plaintiff to take meal and/or rest periods, and did not require Plaintiff to work during meal and/or rest periods. Accordingly, Defendants are not liable to Plaintiff for any failure to take such meal and/or rest periods.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

(Consent)

38. As a separate and distinct affirmative defense, Defendants allege that the relief prayed for in the Complaint is barred because Plaintiff consented to Defendants' conduct by virtue of Plaintiff's own conduct.

/ / /

/ / /

/ / /

/ / /

### THIRTY-NINTH AFFIRMATIVE DEFENSE

(Penalties Cannot Be Determined on a Class or Community-Wide Basis)

39.     As a separate and distinct affirmative defense, Plaintiff's claims for penalties under the Private Attorneys General Act, Labor Code section 2698 et seq. (PAGA) cannot be determined on a class or community-wide basis.

### FORTIETH AFFIRMATIVE DEFENSE

(Mandatory Arbitration)

40.     As a separate and distinct affirmative defense, Plaintiff may not proceed in a civil forum, as by contract between the Parties, Plaintiff has agreed to pursue all claims which are the subject of this action, via private arbitration.

### FORTY-FIRST AFFIRMATIVE DEFENSE

(Additional Affirmative Defenses)

41.     As a separate and distinct affirmative defense, Defendants reserve the right to amend this Answer to assert additional defenses and/or supplement, alter or change this Answer as may be warranted by the revelation of information during discovery and investigation.

### PRAYER

WHEREFORE, Defendants requests that judgment be entered as follows:

1.      That Plaintiff take nothing by way of his Complaint;

2.      That the Complaint be dismissed in its entirety with prejudice;

3.      For costs of suit incurred in defense of this action;

///
///
///
///
///
///
///
///

4. For recovery of attorneys' fees expended in the defense of this action; and

5. For such other and further relief as the Court deems just and proper.

Dated: February 28, 2019

GORDON REES SCULLY MANSUKHANI, LLP

By: _____
Mollie M. Burks
Sat Sang S. Khalsa
Attorneys for Defendants
LINN STAR TRANSFER, INC.
AND KEVIN ABBEY

**PROOF OF SERVICE**
*Aguilar v. Linn Star Transfer, et al.*
Alameda County Superior Court Case No. RG19004033

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is: Gordon & Rees LLP, 1111 Broadway, Suite 1700, Oakland, CA 94607. On the date below, I served the within documents:

**ANSWER TO COMPLAINT**

☐ **By Fax Transmission:** By transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date.

☐ **By Hand Delivery:** By arranging for personal delivery by Nationwide Legal Service of the document(s) listed above to the person(s) at the address(es) set forth below.

☐ **By Electronic Transmission:** By transmitting via electronic mail the document(s) listed above to the e-mail address(es) set forth below.

☐ **By FedEx:** By placing a true copy thereof enclosed in a sealed envelope, at a station designated for collection and processing of envelopes and packages for overnight delivery by FedEx as part of the ordinary business practices of Gordon & Rees LLP described below, addressed as follows:

☒ **By U.S. Mail:** By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California at Oakland, addressed as set forth below.

**Attorneys for Plaintiff:**

John P. Boggs
Roman Zhuk
Fine, Boggs & Perkins LLP
80 Stone Pine Road, Suite 210
Half Moon Bay, CA 94019
Telephone: 650-712-8908
Facsimile: 650-712-1712
rzhuk@employerlawyers.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on February 28, 2019 at Oakland, California.

*Eileen Spiers*
———————————
Eileen Spiers

-12-
ANSWER TO COMPLAINT