UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTURO AGUILAR,<br><br>Plaintiff,<br><br>v.<br><br>LINN STAR TRANSFER, INC., et al.,<br><br>Defendants. | Case No. 19-cv-01162-JCS<br><br>**ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE REMANDED OR WHY CLAIM AGAINST KEVIN ABBEY SHOULD NOT BE DISMISSED** |

## I. BACKGROUND

Defendants Linn Star Transfer, Inc. and Kevin Abbey removed this action from the California Superior Court for the County of Alameda, asserting diversity jurisdiction under 28 U.S.C. § 1332. Defendants assert that Plaintiff Arturo Aguilar is a citizen of California and Defendant Linn Star Transfer is a citizen of Iowa. Notice of Removal (dkt. 1) ¶¶ 20–21. Although Abbey "is a non-diverse defendant," Defendants argue that "his citizenship is inconsequential under the doctrine of fraudulent joinder because there is no possibility the plaintiff can establish liability against this individual." *Id.* ¶ 22.

Defendants answered Aguilar's complaint in state court without seeking to dismiss the claim against Abbey at the pleading stage. *See* dkt. 1-2. After removal, both parties consented the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c). The generally applicable thirty-day deadline for Aguilar to file a motion to remand has expired, although a case may be remanded at any time for a defect in subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).

## II. LEGAL STANDARD

Federal courts have limited subject matter jurisdiction, and may only hear cases falling within their jurisdiction. Generally, a defendant may remove a civil action filed in state court if

the action could have been filed originally in federal court. 28 U.S.C. § 1441. The removal statutes are construed restrictively so as to limit removal jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108−09 (1941). The Ninth Circuit recognizes a "strong presumption against removal." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (internal quotation marks omitted). Any doubts as to removability should be resolved in favor of remand. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). The defendant bears the burden of showing that removal is proper. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).

Diversity jurisdiction under § 1332(a) "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant," *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996), but "fraudulently joined defendants will not defeat removal on diversity grounds." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). "The term 'fraudulent joinder' is a term of art, used for removal purposes, and does not connote any intent to deceive on the part of plaintiff or his counsel." *Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 n.2 (N.D. Cal. 2001).

"Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Just as there is a presumption against removal, there is a "general presumption against fraudulent joinder." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009). When analyzing the issue of fraudulent joinder, "[a]ll doubts concerning the sufficiency of a cause of action because of inartful, ambiguous or technically defective pleading must be resolved in favor of remand, and a lack of clear precedent does not render the joinder fraudulent." *Krivanek v. Huntsworth Grp. LLC*, No. 15-CV-02466-HSG, 2015 WL 5258788, at *2 (N.D. Cal. Sept. 9, 2015) (citation and internal quotation marks omitted). "[T]he test for fraudulent joinder and for failure to state a claim under Rule 12(b)(6) are not equivalent," and the Ninth Circuit has "emphasized . . . that a federal court must find that a defendant was properly joined and remand the case to state court if there is a

1 '*possibility* that a state court would find that the complaint states a cause of action against any of
2 the [non-diverse] defendants.'" *GranCare, LLC v. Thrower ex rel. Mills*, 889 F.3d 543, 549 (9th
3 Cir. 2018) (quoting *Hunter*, 582 F.3d at 1046) (alteration and emphasis added in *GranCare*).
4 Accordingly, the Court must grant the motion "unless the defendant shows that the plaintiff would
5 not be afforded leave to amend [the] complaint to cure [the] purported deficiency." *Rieger v.
6 Wells Fargo Bank, Nat'l Ass'n*, No. 3:13-0749-JSC, 2013 WL 1748045, at *3 (N.D. Cal. Apr. 23,
7 2013) (second alteration in original) (citation and internal quotation marks omitted); *see also
8 Macey v. Allstate Prop. & Cas. Ins. Co.*, 220 F. Supp. 2d 1116, 1117 (N.D. Cal. 2002) (stating that
9 remand is proper where "there is a non-fanciful possibility that plaintiff can state a claim").

### III. ORDER TO SHOW CAUSE

In order to resolve any question of this court's subject matter jurisdiction, the parties are ORDERED to meet and confer to determine whether Aguilar intends to pursue a claim against Abbey. If Aguilar does not wish to pursue such a claim, he may file notice of dismissal no later than April 18, 2019. If Aguilar declines to dismiss the claim, Defendants are ORDERED TO SHOW CAUSE why the case should not be remanded by filing a response to this order by April 25, 2019, and Aguilar is ORDERED TO SHOW CAUSE why the claim against Abbey should not be dismissed by filing a response no later than May 2, 2019. If neither a notice of dismissal nor a response to this order is filed, the case will be remanded to state court for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Dated: April 11, 2019

JOSEPH C. SPERO
Chief Magistrate Judge