UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTURO AGUILAR,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LINN STAR TRANSFER, INC., et al.,<br><br>　　　　Defendants. | Case No. 19-cv-01162-JCS<br><br>**ORDER REMANDING CASE TO STATE COURT**<br><br>Re: Dkt. Nos. 11, 13 |

## I. BACKGROUND

Plaintiff Arturo Aguilar filed this case in the California Superior Court for Alameda County, where it was assigned case number RG19004033. Aguilar named Linn Star Transfer, Inc. ("Linn Star"), an Iowa corporation, and Kevin Abbey, an individual California resident, as defendants. Aguilar's original complaint includes a number of claims under the California Labor Code, but names Abbey as a defendant only to the final claim, under the Private Attorneys General Act ("PAGA"). Notice of Removal (dkt. 1) Ex. A (Compl.). Defendants answered the complaint in state court without filing a demurrer or otherwise seeking to dismiss the claim against Abbey. *Id.* Ex. B (Answer). Defendants then removed to this Court asserting diversity jurisdiction under 28 U.S.C. § 1332 and arguing that Abbey's citizenship should be disregarded based on the doctrine of fraudulent joinder because the necessary waiting period for bringing a PAGA claim after notice to the California Labor and Workforce Development Agency ("LWDA") had not yet expired. *See generally* Notice of Removal.

After the time normally allowed for a motion to remand—on any basis other than lack of subject matter jurisdiction—expired, the Court ordered the parties to show cause why either the case should not be remanded or the claim against Abbey should not be dismissed. *See* Order to

Show Cause (dkt. 11).[1] Defendants responded with arguments similar to those presented in their notice of removal. *See* Def.'s Response (dkt. 12). Aguilar did not respond within the time allowed to do so, but one day after that deadline filed a motion to remand and for leave to file a first amended complaint, which would name Abbey as defendant to all of Aguilar's claims, not just the PAGA claim.

Defendants argue that even though Abbey was already named as a defendant, the Court should apply the test for joinder of a defendant who destroys diversity under 28 U.S.C. § 1447(e), and should decline to permit such joinder because Abbey's presence in the case is unnecessary, the amendment is solely to defeat diversity, Aguilar unreasonably delayed seeking to amend, and dismissal of Abbey would not prejudice Aguilar. *See generally* Opp'n (dkt. 16). Defendants contend that Labor Code section 558.1 does not create a private right of action by aggrieved employees (as opposed to the California Labor Commissioner) against individual supervisors, and that the inclusion of Aguilar is unnecessary because Linn Star would be required to indemnify any damages assessed against him under section 2802 of the Labor Code. *Id.* at 4–5, 7. Defendants also argue that Aguilar has not alleged that "Abbey is an owner, officer, director, or managing agent of Linn Star" as required by section 558.1, and Defendants contend that Abbey is in fact "none of those things." *Id.* at 4–5.

Aguilar argues in his reply that he sufficiently alleges Abbey to be an "officer" of Linn Star and that a California appellate court has held that section 558.1—or, more precisely, similar language in section 580 addressing civil penalties—can support claims by private plaintiffs against corporate officer defendants. Reply (dkt. 18) at 2–3 (citing *Atempa v. Pedrazzani*, 27 Cal. App. 5th 809, 824–29 (2018)). Aguilar also contends that Abbey is not a "new" defendant, that Aguilar did not unreasonably delay his amendment, and that requiring parallel proceedings in state court would be inefficient and unjustified. *Id.* at 4–6.

---

[1] *Aguilar v. Linn Star Transfer, Inc.*, No. 19-cv-01162-JCS, 2019 WL 1570422 (N.D. Cal. Apr. 11, 2019).

## II. ANALYSIS

### A. Fraudulent Joinder

Federal courts have limited subject matter jurisdiction, and may only hear cases falling within their jurisdiction. Generally, a defendant may remove a civil action filed in state court if the action could have been filed originally in federal court. 28 U.S.C. § 1441. The removal statutes are construed restrictively so as to limit removal jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108−09 (1941). The Ninth Circuit recognizes a "strong presumption against removal." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (internal quotation marks omitted). Any doubts as to removability should be resolved in favor of remand. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). The defendant bears the burden of showing that removal is proper. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).

Diversity jurisdiction under § 1332(a) "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant," *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996), but "fraudulently joined defendants will not defeat removal on diversity grounds." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). "The term 'fraudulent joinder' is a term of art, used for removal purposes, and does not connote any intent to deceive on the part of plaintiff or his counsel." *Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 n.2 (N.D. Cal. 2001).

"Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Just as there is a presumption against removal, there is a "general presumption against fraudulent joinder." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009). When analyzing the issue of fraudulent joinder, "[a]ll doubts concerning the sufficiency of a cause of action because of inartful, ambiguous or technically defective pleading must be resolved in favor of remand, and a lack of clear precedent does not render the joinder fraudulent." *Krivanek v. Huntsworth Grp. LLC*, No.

15-CV-02466-HSG, 2015 WL 5258788, at *2 (N.D. Cal. Sept. 9, 2015) (citation and internal quotation marks omitted). "[T]he test for fraudulent joinder and for failure to state a claim under Rule 12(b)(6) are not equivalent," and the Ninth Circuit has "emphasized . . . that a federal court must find that a defendant was properly joined and remand the case to state court if there is a '*possibility* that a state court would find that the complaint states a cause of action against any of the [non-diverse] defendants.'" *GranCare, LLC v. Thrower ex rel. Mills*, 889 F.3d 543, 549 (9th Cir. 2018) (quoting *Hunter*, 582 F.3d at 1046) (alteration and emphasis added in *GranCare*). Accordingly, the Court must grant the motion "unless the defendant shows that the plaintiff would not be afforded leave to amend [the] complaint to cure [the] purported deficiency." *Rieger v. Wells Fargo Bank, Nat'l Ass'n*, No. 3:13-0749-JSC, 2013 WL 1748045, at *3 (N.D. Cal. Apr. 23, 2013) (second alteration in original) (citation and internal quotation marks omitted); *see also Macey v. Allstate Prop. & Cas. Ins. Co.*, 220 F. Supp. 2d 1116, 1117 (N.D. Cal. 2002) (stating that remand is proper where "there is a non-fanciful possibility that plaintiff can state a claim").

There is no dispute that Aguilar's initial claim against Abbey was deficient in that the sixty-five-day waiting period after Aguilar provided notice to the LWDA had not yet expired when he filed his complaint. Courts routinely grant leave to amend to cure such deficiencies. *E.g., Tan v. GrubHub, Inc.*, 171 F. Supp. 3d 998, 1011 (N.D. Cal. 2016) (Corley, M.J.); *Harris v. Vector Mktg. Corp.*, No. C-08-5198 EMC, 2010 WL 56179, at *2 (N.D. Cal. Jan. 5, 2010) (holding, where a plaintiff initially failed to provide notice to the LWDA but did so before filing an amended complaint, that the lack of notice "has now, in essence, been cured"). Moreover, taking into account the allegation that Abbey is "the highest-ranking officer of Linn Star in the State of California" and "is directly and personally responsible for the wage-and-hour policies and practices at issue in this case," Compl. ¶ 9, if Aguilar's complaint were subject to dismissal, Aguilar would have been entitled to amend to name Abbey as a defendant to his non-PAGA claims based on section 558.1's imposition of liability against corporate officers and similar individuals.[2] Although Aguilar's decision not to name Abbey as a defendant to those claims in his

---

[2] The Court agrees with Aguilar that the Court of Appeal's reasoning in *Atempa*, interpreting materially identical language with respect to civil penalties under § 558(a), also applies to civil

4

initial complaint is puzzling, the complaint includes a sufficient factual basis for such claims against Abbey to at least warrant leave to amend if Aguilar intends to pursue them. The Court concludes that "there is a non-fanciful possibility that [Aguilar] can state a claim" against Abbey. *See Macey*, 220 F. Supp. 2d at 1117. Defendants therefore have not established fraudulent joined, and the case must be remanded for lack of subject matter jurisdiction.

### B. Joinder Under 28 U.S.C. § 1447(e)

Even if Abbey's initial joinder were fraudulent and the test for joinder of a new defendant under § 1447(e) applied, the Court would permit Aguilar to join Abbey as a defendant and remand the case to state court. In considering whether to allow joinder under that statute, district courts look to factors including:

> (1) whether the party plaintiff seeks to join is required for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would bar an action against defendant in state court; (3) whether the joinder is untimely, or there has been an unexplained delay in its request; (4) whether joinder is intended solely to destroy diversity jurisdiction, (5) whether the claim against the defendant appears valid, and (6) whether denial of joinder will prejudice the plaintiff.

*Graunstadt v. USS-Posco Indus.*, No. C 10-03225 SI, 2010 WL 3910145, at *2 (N.D. Cal. Oct. 5, 2010). Courts have recognized, however, that "none [of those factors] is an absolutely necessary condition for joinder." *Id.* Ultimately, "the decision regarding joinder of a diversity destroying-defendant is left to the discretion of the district court." *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998).

Defendants suggest that Aguilar "can readily file a state court action against Defendant Abbey, which can be stayed pending the outcome of this matter." Opp'n at 5. The Court discerns no reason why Aguilar should be required to do so. Aguilar has at least an arguable basis for a claim against Abbey based almost entirely on the same facts as his claim against Linn Star, and

---

liability under § 558.1(a). A private plaintiff may bring a claim against a corporate officer for violation of the sections of the Labor Code identified in that statute. *See Atempa*, 27 Cal. App. 5th at 816–24; *see also Carter v. Rasier-CA, LLC*, No. 17-cv-00003-HSG, 2017 WL 4098858, at *5 n.1 (N.D. Cal. Sept. 15, 2017) (reaching the same conclusion with respect to section 558.1). To the extent there is any question about this issue of law, even the "possibility" that the state court would allow Aguilar to bring claims against Abbey under section 558.1 is sufficient to remand for lack of fraudulent joinder. *See GranCare*, 889 F.3d at 549.

efficiency calls for adjudicating both claims in a single action. If the state court determines that Aguilar cannot state a claim against Abbey, Linn Star may be able to remove again at that time.

### III. CONCLUSION

Although Aguilar is admonished for failure to bring a motion to remand within the time normally allowed and for failure to timely respond to the Court's order to show cause, defects of subject matter jurisdiction cannot be waived, and Defendants have not met their heavy burden to show that Abbey is fraudulently joined as a defendant. The Court therefore lacks subject matter jurisdiction under 28 U.S.C. § 1332, and the case is REMANDED to the California Superior Court for Alameda County. Lacking subject matter jurisdiction, the Court does not reach Aguilar's motion for leave to amend. The hearing and case management conference set for June 7, 2019 are VACATED, and the Clerk is instructed to close the file.[3]

**IT IS SO ORDERED.**

Dated: June 5, 2019

JOSEPH C. SPERO
Chief Magistrate Judge

---

[3] The parties consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c).